UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LINDEN BEARD,                  )
                               )
        Plaintiff,             )
                               )
    v.                         )   Case No. 04-4016
                               )
RICHARD A. HART and WARREN     )
COUNTY ILLINOIS,               )
                               )
        Defendants.            )

## OPINION

Before the Court are Defendants' Motion for Summary Judgment [Doc. # 15]; Plaintiff's Cross-Motion for Summary Judgment on the Limited Issue of Liability on Counts II, IV, VI, VII, IX, and X [Doc. # 18]; Defendants' Motion to Amend Answer and Affirmative Defenses [Doc. # 22]; and Defendants' Motion Challenging Sufficiency of Plaintiff's Objections to Defendants' Request for Admission of Facts [Doc. # 35]. For the reasons that follow, Defendants' summary judgment motion will be denied, Plaintiff's summary judgment motion will be granted in part, Defendants' Motion to Amend will be denied, and Defendants' Motion Challenging Sufficiency of Plaintiff's Objections to Defendants' Request for Admission of Facts will be denied.

### I.   BACKGROUND

Plaintiff Linden Beard ("Beard") has been employed by the Warren County Sheriff's Department ("the Department") for over 19 years. In the Fall of 2001, Beard ran against Defendant Richard A. Hart ("Hart") in the Republican primary election for Warren County Sheriff. On March 19, 2002, Hart, the incumbent Sheriff, defeated

Beard in the primary election. (Complaint, Doc. # 1 at ¶¶ C(1-4); Plaintiff's Response to Defendants' Motion for Summary Judgment, Doc. # 16 at 3 [hereinafter Pl.'s Resp.].) On April 2, 2002, Hart terminated Beard's employment with the Department. In a letter dated April 2, 2002, Hart gave the following reasons for the termination:

> Conduct Unbecoming An Officer
> Failure To Assist Other Deputies
> Making False Accusations
> Not Conforming To Policy
> Disobedience
> Refusing To Respond To A 911 Call
> Changing Shift Without Authorization
> Insubordination
> Disruptive Employee
> Watching TV While On Duty
> Abandoning Your Post
> Knowingly Violating The Law (02-I-012)

All of the allegations referred to in the termination letter related to incidents which occurred or were alleged to have occurred between October 1, 2001 and April 2, 2002. (Pl's Resp. at 4.) After his termination, Beard filed a grievance which was advanced through the procedures specified in the relevant collective bargaining agreement (CBA). In January 2004, after an arbitration hearing, Beard's discharge was reversed, he was given a three-day suspension in lieu of the discharge, and he was awarded lost pay and benefits. (Defendants' Motion for Summary Judgment, Doc. # 15 at 3-4 [hereinafter Defs.' Mot.].)

On March 31, 2004, Plaintiff filed the instant Complaint claiming that (1) Defendants discharged him in retaliation for his exercising his First Amendment rights of free speech; of political association, belief, activity and expression; to run for political

2

office; and not to support Hart in his bid for political office (Counts I-IV), (2) Defendants violated his substantive due process rights under the Fourteenth Amendment when they discharged him for exercising his First Amendment Rights (Counts V-VIII), and (3) Defendants violated his procedural due process rights when they discharged him (Counts IX and X).[1]

As relevant, Plaintiff alleged the following in the Complaint:

> Plaintiff was not a confidential employee nor a policymaker of the Sheriff's Department. Plaintiff's position did not authorize, either directly or indirectly, meaningful input into sheriff's department decision-making on issues where there was room for principled disagreement on goals or their implementation.

(Complaint at ¶ B(4).) Defendants admitted this allegation in their original Answer but now move to deny this allegation arguing it was inadvertently admitted.

## II. MOTION TO AMEND

On August 13, 2004, the Parties filed a Joint Discovery Plan and Scheduling Order [Doc. # 9] which Magistrate Judge Gorman adopted on August 18, 2004. Pursuant to that plan, amendments to the pleadings were to be completed by November 15, 2004. Defendants filed the instant Motion to Amend on March 25, 2005, more than four months after the amendment deadline had passed. Since Defendants' motion was filed after the amendment deadline, they must show good cause why the schedule should be altered to allow them to amend their Answer at this time. See Fed. R. Civ. P. 16 (b).

---

[1] For each claim, Plaintiff has alleged that Hart was acting in both his individual and official capacity.

Defendants seek to amend their Answer in two respects. First they seek to withdraw their admission of paragraph B(4) of the Complaint alleging that this paragraph was "inadvertently" admitted. They also wish to add an affirmative defense of qualified immunity.

As to paragraph B(4) of the Complaint, the Court notes that Defendants have conceded a crucial fact by admitting this paragraph. The gist of Plaintiff's Complaint is that Defendants terminated him because of his political campaign against Sheriff Hart. In their summary judgment motion, Defendants urge that they were entitled to fire Plaintiff for his political activity because a sheriff is allowed to use "political considerations to determine who should serve as a deputy." However, as Plaintiff points out in his response to Defendants' summary judgment motion, the actual test for whether an individual may be fired for political considerations is "whether the position held by the individual authorizes, either directly or indirectly, meaningful input into government decision-making on issues where there is room for principled disagreement on goals or their implementation." Paragraph B(4) of the Complaint states that Plaintiff did not meet this criteria. Thus, Defendants' admission of paragraph B(4) essentially precludes their argument that they were entitled to fire Plaintiff for his political activity.

Defendants assert that their admission to paragraph B(4) was inadvertently made and that it was not discovered until after Plaintiff responded to their summary judgment motion. The Court would not categorize such an error as mere inadvertence.

Defendants were well aware of the amendment pleading deadline in this case and should have reviewed their Answer at some point prior to that deadline. The fact that Defendants waited until after filing for summary judgment to review their Answer--particularly when their summary judgment motion is largely based on the assertion that they were entitled to fire Plaintiff for his political activity--is more appropriately categorized as neglect. The same can be said for Defendants' failure to plead a qualified immunity defense.

As a result of this neglectful case management, Defendants are now in the position to lose what could very well be a legitimate defense to liability in this case. If the Court allows Defendants to amend their Answer, however, Plaintiff will certainly be prejudiced as he would be faced with proving an element of his claim that he had believed was already admitted and he would need additional time to conduct discovery on this issue. Further, Plaintiff has gone through the expense of filing a response to Defendants' summary judgment motion as well as the expense of filing its own summary judgment motion, and much of this work will become moot if the Court allows Defendants to amend their Answer.

The Court finds that Defendants have failed to show good cause why they should be allowed to amend their Answer at this time. Not only have Defendants failed to come up with a reasonable excuse for the delay in requesting the amendments, but the amendments would add considerable time and expense to this litigation. See Crest Hill Land Development, LLC v. City of Joliet, 396 F.3d 801 (7th Cir. 2005) (district court did not abuse its discretion in denying

defendant's motion to amend its answer to deny allegation admitted in original answer where defendant sought to amend five months after original answer was filed and one month after discovery had closed, and plaintiff relied on defendant's admission in conducting written and oral discovery in support of its summary judgment motion); Fort Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1380 (7th Cir. 1990) (denying amendment of an answer to include new defenses after discovery and the filing of dispositive motions and stating that a district court may exercise its discretion to deny amendments to the pleadings in the interest of preventing an undue burden on the courts). Accordingly, Defendants' Motion to Amend is denied.

### III. SUMMARY JUDGMENT MOTIONS

#### A. LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets it burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

### B. DEFENDANTS' SUMMARY JUDGMENT MOTION

Defendants assert that they are entitled to summary judgment as to all of Plaintiff's claims. First, they argue that they were entitled to use political considerations in terminating Plaintiff and thus Plaintiff's First Amendment claims fail. Next, they argue Plaintiff's procedural due process claims fail because Plaintiff received an adequate post-deprivation hearing and he was not entitled to a pre-deprivation hearing as there were no factual disputes to resolve. As for Plaintiff's substantive due process claims, Defendants again argue that they were entitled to use political considerations in terminating Plaintiff and that

7

Plaintiff received adequate process through the post-deprivation arbitration proceedings which resulted in his reinstatement. Finally, Defendants argue that Plaintiff's official capacity claims against Hart are redundant in view of his claims against the County, and that Plaintiff's individual capacity claims against Hart fail as a matter of law. The Court will address each of these arguments in turn.

> **1. Defendants have not shown that they were entitled to use political considerations in deciding whether to terminate Plaintiff.**

Defendants rely on the Seventh Circuit's holding in Upton v. Thompson, 930 F.2d 1209 (7th Cir. 1991) to support their argument that they were entitled to use political considerations in discharging Plaintiff from his position as a deputy sheriff. In Upton, the Seventh Circuit held that "a sheriff may use political considerations when determining who will serve as deputy sheriff." Id. at 1218. In reaching this conclusion, however, the Seventh Circuit examined the "official powers" of the deputies at issue to determine whether their positions "authorize[d], either directly or indirectly, *meaningful input* into government decisionmaking on issues where there is room for principled disagreement on goals *or implementation*." Id. at 1214-16. More recently, the Seventh Circuit has held that Upton does not create a *per se* rule that every deputy sheriff necessarily inhabits a decision-making job, and that the application of the policymaker exception depends on the particular job functions of the employee at question. See Ruffino v. Sheahan, 218 F.3d 697, 700-701 (7th Cir. 2000); Kolman v. Sheahan, 31 F.3d 429, 432 (7th Cir. 1994).

In this case, as discussed *supra*, Defendants have admitted that "Plaintiff's position did not authorize, either directly or indirectly, meaningful input into sheriff's department decision-making on issues where there was room for principled disagreement on goals or their implementation." In view of the current status of Seventh Circuit jurisprudence on the issue of when a sheriff may use political considerations to terminate a deputy sheriff, Defendants' admission is fatal to their summary judgment argument that they were entitled to terminate Plaintiff based on his political activity. Accordingly, the Court denies their motion as to Plaintiff's First Amendment claims.

### 2. Defendants have not shown that a pre-termination hearing would have been a "useless act."

An employee who has a constitutionally protected property interest in his employment is entitled to "some kind of hearing" prior to his discharge. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985). A pre-termination hearing need not be elaborate, however, an employee must be given, at a minimum, notice of the charges against him and an opportunity to respond. Id. at 545-46.

Defendants' concede that Plaintiff was not given a pre-termination hearing. See Answer at 4. They argue, however, that such a hearing would have been a useless act because Plaintiff believed that he was discharged from his employment solely because he ran against Hart. This argument is based on Defendant's conditional admission (for summary judgment purposes only) that they discharged Plaintiff because of his political activity. Thus, Defendants argue that no factual dispute existed as to the reasons

9

for Plaintiff's discharge and a pre-termination hearing would have been a useless act.  However, this conditional admission is directly contradicted by the reasons stated in Hart's April 2, 2002 letter in which he enumerates the reasons for the discharge.  The reasons enumerated in that letter do not relate to Plaintiff's campaign against Hart.  Moreover, the Court finds Defendant's "conditional admission" disingenuous considering they have denied this fact throughout this litigation and most certainly will deny it if this case proceeds to trial as it is their only defense to Plaintiff's First Amendment and substantive due process claims which are based on Plaintiff's political activity.  Accordingly, the Court finds that Defendants are not entitled to summary judgment on Plaintiff's procedural due process claims.

### 3. **Defendants are not entitled to summary judgment on Plaintiff's substantive due process claims.**

Defendants argue that Plaintiff's substantive due process claims fail for the same reasons that his other claims fail-- because Defendants were entitled to use political considerations in terminating Plaintiff and that Plaintiff received adequate process through the post-deprivation arbitration proceedings which resulted in his reinstatement.  The Court has already rejected these arguments, see supra §§ III(B)(1-2); and thus will deny Defendants' motion as to these claims also.

### 4. **Plaintiff's official capacity claims against Hart are not redundant and his individual capacity claims against Hart do not fail as a matter of law.**

Initially, the Court notes the Seventh Circuit has found that Illinois counties are necessary parties in any suit seeking damages

from independently elected county officers in an official capacity. See Carver v. Sheriff of LaSalle County, Illinois, 324 F.3d 947, 948 (7th Cir. 2003) (per curiam). Thus, Plaintiff's official capacity claims against the County and Hart are not redundant. Furthermore, as discussed above, Plaintiff's individual capacity claims against Hart do not fail as a matter of law.

### 5.  Conclusion

For the above reasons, Defendants' Motion for Summary Judgment is denied.

### C.  PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON THE LIMITED ISSUE OF LIABILITY ON COUNTS II, IV, VI, VII, IX, AND X

In this motion, Plaintiff seeks summary judgment as to liability on his (1) First Amendment claims which are based on his political activity (Counts II & IV), (2) substantive due process claims based on his politically motivated discharge (Counts VI & VII), and (3) procedural due process claims (Counts IX & X). For the reasons that follow, the motion will be denied with respect to the First Amendment and substantive due process claims and granted with respect to the procedural due process claims.

### 1.  Defendants have not made a judicial admission that they terminated Plaintiff for his political activity.

Plaintiff argues that Defendants have made a judicial admission by stating that "[f]or purposes of these summary judgment proceedings, the County has assumed that Plaintiff's assertion [that his employment was terminated because he ran for sheriff against Hart] is true." See Defendants' Response to Plaintiff's Cross-Motion for Summary Judgment, Doc. # 26 at 9. Although

11

Defendants have repeatedly made this statement throughout their summary judgment filings, the Court cannot say this is an unequivocal admission as Defendants have limited their admission to the summary judgment proceedings. As such, the Court will ignore this admission, as Defendants have sought the benefit of this admission without exposing themselves to the liabilities of it. For example, Defendants have asserted this admission allows the Court to enter summary judgment in their favor as to Plaintiff's due process claims, however, if Defendants are held to this admission at trial, Plaintiff would be entitled to judgment as a matter of law on his First Amendment claims which are based on his political activity. Accordingly, Plaintiff's arguments based on this purported admission are rejected, and his summary judgment motion as it pertains to Counts II, IV, VI, and VIII is denied.

### 2. **Plaintiff is entitled to summary judgment as to liability on his procedural due process claims.**

Plaintiff argues that he was entitled to a pre-termination hearing prior to his discharge. Defendants reiterate their summary judgment argument that such a hearing was not necessary because it would have been useless considering the Parties now allegedly agree that Plaintiff was discharged for his political campaign. As discussed *supra III(b)(2)*, the facts that Defendants initially denied that Plaintiff was fired for political reasons and that Sheriff Hart gave several alternative reasons for the discharge at the time Plaintiff was terminated (none of which related to Plaintiff's political campaign) undermine Defendants' argument that a pre-deprivation hearing would have been useless. Because Defendants have asserted no facts that would support their position

that a pre-deprivation hearing was not required, and because the law is clear that an employee who has a constitutionally protected property interest in his employment is entitled to "some kind of hearing" prior to his discharge, see <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532, 542 (1985); the Court finds summary judgment in favor of Plaintiff as to liability on his procedural due process claims is appropriate.

### <u>IV.</u>   <u>Defendants' Motion Challenging Sufficiency of Plaintiff's Objections to Defendants' Request for Admission of Facts</u>

After the summary judgment motions were filed in this case and before discovery closed on May 15, 2005, Defendants sent a request for admissions pursuant to Federal Rule of Civil Procedure 36 to Plaintiff. That request asked Plaintiff to admit the following:

1. As a Warren County Deputy Sheriff, my primary duty is working on patrol.
2. As a Warren County Deputy Sheriff, the duty to which I devote most of my time is working on patrol.
3. As a Warren County Deputy Sheriff, while on patrol or other assignments, I frequently work without outside supervision.
4. While I am on patrol as a Warren County Deputy Sheriff, I am usually in the patrol car performing my duties.
5. As a Warren County Sheriff, my duties include determining within my assigned geographic area where to patrol at a certain time.
6. As a Warren County Deputy Sheriff, my duties include determining what suspected crimes merit further investigation and investigating those crimes.
7. As a Warren County Deputy Sheriff, my duties include determining when to charge individuals with criminal conduct and when to arrest individuals.
8. As a Warren County Deputy Sheriff, my duties include determining when to modify my patrolling to adjust for new circumstances.
9. As a Warren County Deputy Sheriff, I am expected to provide the Warren County Sheriff with truthful and

accurate information.

Plaintiff objected to this request, arguing the requested admissions were contrary to Defendants' admission to paragraph B(4) of the Complaint. The Court agrees that an admission to these facts would tend to contradict Defendants' admission that "Plaintiff's position did not authorize, either directly or indirectly, meaningful input into sheriff's department decision-making on issues where there was room for principled disagreement on goals or their implementation." Since the Court has found Defendants are not entitled to amend their Answer to change this admission, the Court agrees with Plaintiff that it is unlikely an admission by Plaintiff to one of the above facts would be relevant at trial.

Federal Rules of Civil Procedure 26(b)(1) allows discovery "regarding any matter . . . that is relevant to the claim or defense of any party." Rule 36 incorporates this limitation. Since Defendants have conceded the legal element that the requested admissions would be used to prove, the Court finds these admissions would not be relevant to any claim or defense. Accordingly, Defendants' motion is denied.

## V.  CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Doc. # 15] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion for Summary Judgment on the Limited Issue of Liability on Counts II, IV, VI, VII, IX, and X [Doc. # 18] is GRANTED IN PART and DENIED IN PART. It is granted with respect to Plaintiff's procedural due

process claims (Counts IX & X).  It is denied in all other respects.

 IT IS FURTHER ORDERED that Defendants' Motion to Amend Answer and Affirmative Defenses [Doc. # 22] is DENIED.

 IT IS FURTHER ORDERED that Defendants' Motion Challenging Sufficiency of Plaintiff's Objections to Defendants' Request for Admission of Facts [Doc. # 35] is DENIED.

 ENTERED this day   22nd   of August, 2005.


          s/ Joe B. McDade
          JOE BILLY McDADE
         United States District Judge